**United States District Court**
**District of Columbia**

**AFFIDAVIT OF SPECIAL AGENT MATTHEW MAHONEY IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

Your affiant, Matthew K. Mahoney, being duly sworn, hereby depose and state as follows:

**A.  Introduction and Agent Background**

1.  I make this affidavit in support of an application for a search warrant for a certain account controlled by the free web-based electronic mail service provider known as MSN Hotmail headquartered at 1065 La Avenida, Mountain View, California 94043.  The account to be searched is NADIAGASTELUM@HOTMAIL.COM which is further described in the following paragraphs and in Attachment A.  As set forth herein, there is probable cause to believe that on the computer systems of MSN Hotmail, there exists evidence, fruits, and instrumentalities of violations of Title 21 United States Code, Section 952 (Importation of a controlled substance), Section 959(a) (Manufacture or distribution for purpose of unlawful importation), Section 963 (Attempt and Conspiracy) and Title 46 United States Code Appendix, Section 1903 (Distribution and possession with intent to distribute on board vessels).

2.  I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Bilateral Case Group, Special Operations Division. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to

conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

3. I have been employed as a Special Agent with the DEA for approximately nine (9) years, during which time I have specialized in investigations involving narcotics trafficking. I received sixteen (16) weeks of training at the DEA Academy at Quantico, Virginia, and have received extensive training pertaining to narcotic investigations and the investigation of various crimes which arise from drug trafficking activities.

4. I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions.

5. I have participated in and conducted investigations of violations of various State and Federal criminal laws, including unlawful possession with intent to distribute controlled substances, distribution of controlled substances, use of a communication facility to commit narcotic offenses, importation of controlled substances, conspiracy to import, possess and distribute controlled substances, and money laundering, all in violation of Title 21 and Title 18, United States Code.  These investigations resulted in arrests of individuals who have imported, smuggled, received and distributed controlled substances, including cocaine, marijuana, heroin, methamphetamine and MDMA, and the arrest of individuals who have laundered proceeds emanating from those illegal activities.  Also, these investigations resulted in seizures of illegal drugs and proceeds of the distribution of those illegal drugs.

6. I have also conducted investigations concerning the identification of co-conspirators through the use of telephone records and bills, financial records, drug ledgers,

photographs, and other documents. I have also participated in the debriefings of many of those individuals arrested who later cooperated with the Government.

7. I have directed numerous confidential informants and cooperating witnesses to successfully infiltrate various-sized narcotic enterprises via intelligence gathering, participation in consensual recordings and monitored purchases of controlled substances. I have executed search warrants for controlled substances and I have conducted surveillance in connection with numerous narcotic investigations.

8. I am familiar with the operations of illegal international drug trafficking organizations in various parts of the world, including South America and Mexico.

9. I am familiar with the ways in which narcotic traffickers conduct their business, including methods of importing and distributing narcotics, money laundering, the use of satellite phones, cellular telephones and the internet to facilitate their illegal acts, and the use of numerical codes and code words to conduct drug transactions. My training and experience as a Special Agent of the DEA, my conversations with other Special Agents of the DEA, foreign law enforcement, state and local investigators familiar with narcotics trafficking and money laundering matters, form the basis of the opinions and conclusions set forth below, which I drew from the facts set forth herein.

10. In my training and experience, I have learned that MSN Hotmail is a company that provides free web based Internet electronic mail ("e-mail") access to the general public, and that stored electronic communications, including opened and unopened e-mail for MSN Hotmail subscribers may be located on the computers of MSN Hotmail. Further, I am aware that computers located at MSN Hotmail contain information and other stored

electronic communications belonging to unrelated third parties. Accordingly, this affidavit and application for search warrant seeks authorization solely to search the computer accounts and/or files by following the procedures described herein and in Attachment A.

**B.  Background Regarding Computers, the Internet, and E-mail**

11.  The term "computer" as used herein is defined in 18 U.S.C. 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

12.  Based on my training, experience and knowledge, I know the following:

a. The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the Internet, and individual computer user must subscribe to an access provider, which operates a host computer system with direct access to the Internet. The World Wide Web ("www") is a functionality of the Internet, which allows users of the Internet to share information;

b. With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world.  This connection can be made by any means, including modem, local area network, wireless and numerous other methods; and

c. E-mail is a popular form of transmitting messages and/or files in an electronic environment between computer users. When an individual computer user sends

e-mail, it is initiated at the user's computer, transmitted to the subscriber's mail server, then transmitted to its final destination. A server is a computer that is attached to a dedicated network and serves many users. An e-mail server may allow users to post and read messages and to communicate via electronic means.

**C.  MSN Hotmail**

13.   Based on my training and experience, I have learned the following about Hotmail :

a. Hotmail is an e-mail service which is available free of charge to Internet users. Subscribers obtain an account by registering on the Internet with MSN Hotmail. MSN Hotmail requests subscribers to provide basic information, such as name, gender, zip code and other personal/biographical information.  However, MSN Hotmail does not verify the information provided;

b. MSN Hotmail maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts. These records include account access information, e-mail transaction information, and account application information;

c. Subscribers to MSN Hotmail may access their accounts on servers maintained and/or owned by Hotmail from any computer connected to the Internet located anywhere in the world;

d. Any e-mail that is sent to an MSN Hotmail subscriber is stored in the

subscriber's "mailbox" on MSN Hotmail's servers until the subscriber deletes the e-mail or the subscriber's mailbox exceeds the storage limits preset by MSN Hotmail. If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on MSN Hotmail's servers indefinitely;

 e. When the subscriber sends an e-mail, it is initiated at the user's computer, transmitted via the Internet to MSN Hotmail's servers, and then transmitted to its end destination. MSN Hotmail users have the option of saving a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the MSN Hotmail server, the e-mail can remain on the system indefinitely. The sender can delete the stored e-mail message thereby eliminating it from the e-mail box maintained at MSN Hotmail, but that message will remain in the recipient's e-mail box unless the recipient deletes it as well or unless the recipient's account is subject to account size limitations;

 f. A MSN Hotmail subscriber can store files, including e-mails and image files, on servers maintained and/or owned by MSN Hotmail; and

 g. E-mails and image files stored on a MSN Hotmail server by a subscriber may not necessarily be located in the subscriber's home computer. The subscriber may store e-mails and/or other files on the MSN Hotmail server for which there is insufficient storage space in the subscriber's computer and/or which he/she does not wish to maintain in the computer in his/her residence. A search of the files in the

computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the MSN Hotmail server.

**D. Stored Wire and Electronic Communication Access**

14. Title 18, United States Code, Chapter 121, Sections 2701 through 2711, is entitled "Stored Wire and Electronic Communications and Transactional Records Access."

a) Title 18, United States Code, Section 2703(a), provides:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

b) Title 18, United States Code, Section 2703(b), provides, in part:

> (1) A government entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection-
> (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation. . .
> (2) Paragraph (1) is applicable with respect to any electronic communication that is held or maintained on that service -
> (A) On behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

>      (B) Solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

c) The government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant. 18 U.S.C. 2703(c)(1)(A).  No notice to the subscriber or customer is required. 18 U.S.C. 2703(c)(3).

>   d) Title 18, United States Code, Section 2711, provides, in part:
>
>   > As used in this chapter -
>   > (1) The terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section; and
>   > (2) The term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.
>
>   e) Title 18, United States Code, Section 2510, provides, in part:
>
>   > (8) "contents" when used in respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication...
>   > (14) "electronic communications system" means any wire, radio, electromagnetic, photo optical or photo electronic facilities for the transmission of electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications;
>   > (15) "electronic communications service" means any service which provides the users thereof the ability to send or receive wire or electronic communications;...
>   > (17) "electronic storage" means -
>   >     (A)  any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and

(B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

**E. Search Procedure**

15. In order to ensure that Agents search only those computer accounts and or files described in Attachment A, this affidavit and application for search warrant seeks authorization to permit employees of MSN Hotmail to assist agents in the execution of this warrant. To further ensure that Agents executing this warrant search only those computer accounts and/or files described in Attachment A, the following procedures will be implemented:

    a. The search warrant will be presented to MSN Hotmail personnel who will be directed to isolate those accounts and files described in Attachment A;

    b. In order to minimize any disruption of computer service to innocent third parties, MSN Hotmail employees (with or without law enforcement personnel) trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Attachment A, including an exact duplicate of all information stored in the computer accounts and files described in Attachment A;[1]

    c. MSN Hotmail employees will provide the exact duplicate in electronic form of the accounts and files described in Attachment A and all information stored in those accounts and files to the agent who serves this search warrant;

---

[1] The absence of a law enforcement officer at the time of the actual search in the context of computer files located with an Internet Service Provider has been deemed constitutional. United States v. Bach, 310 F.3d 1063 (8th Cir.

  d. Law enforcement personnel will thereafter review the information stored in the accounts and files received from MSN Hotmail employees and then identify and copy the information contained in those accounts and files which are authorized to be further copied by this search warrant; and

  e. Law enforcement personnel will then seal the original duplicate of the accounts and files received from MSN Hotmail employees and will not further review the original duplicate absent an order of the Court.

## F. Basis for Facts Contained in this Affidavit

16. I make this affidavit, in part, based on personal knowledge derived from my participation in this investigation and, in part, based upon information from the following sources:

  a. Oral and written reports about this investigation and others that I have received from United States and Mexican law enforcement officers, including Special Agents of the Drug Enforcement Administration (hereafter DEA.)

  b. Debriefings of a Confidential Source (hereafter CS) done by DEA agents, as outlined below, which has been reported to me either directly or indirectly;

  c. A review of log history and Internet Protocol addresses for e-mail accounts;

---

2002), *cert. denied* 123 S. Ct. 1873 (2003).

17. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by Special Agents of the DEA or other law enforcement officers. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Such statements are among many statements made by others and are stated in substance, unless otherwise indicated.

18. I have not set forth each and every fact learned during the course of this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of a search and seizure warrant based on the instant affidavit.

**G. Probable Cause**

19. Juan Jose ESPARRAGOZA-MORENO is a DEA Consolidated Priority Target Organization (CPOT). On April 9, 2003, ESARRAGOZA-MORENO was indicted in the U.S. for the following charges: in Count One, with conspiracy to violate Title 21, United States Code (USC), Sections 952(a), 960(a)(1), and 960(b)(1)(G) (importation of more than 1000 kilograms of a controlled substance [marijuana] into the United States), in violation of Title 21, USC, Section 963; in Count Two, with conspiracy to violate Title 21, USC, Sections 841(a)(1) and 841(b)(1)(B)(vii) (possession with intent to distribute more than 100 kilograms of a controlled substance [marijuana]), in violation of Title 21, USC, Section 846; and in Count Three, with importation of more than 1000 kilograms of

a controlled substance [marijuana], into the United States, in violation of Title 21, USC, Sections 952(a), 960(a)(1) and 960(b)(1)(G).

20. The DEA has identified 2 daughters of ESPARRAGOZA-MORENO-- NADIA ESPARRAGOZA-GASTELUM, who is currently living in Barcelona, Spain and Brenda ESPARRAGOZA-GASTELLUM, who is currently living in Mexico City, Mexico. Both are believed to be in communication with ESPARRAGOZA-MORENO and other family members via the internet email addresses of NADIAGASTELUM@HOTMAIL.COM and MORCHITA87@HOTMAIL.COM.

21. DEA agents in Mexico City have determined that in 1999 NADIA ESPARRAGOZA-GASTELUM submitted a U.S. workers visa application to the U.S. Embassy there. On that application, she listed NADIAGASTELUM@HOTMAIL.COM as her e-mail address. In November 2005, the DEA sent MSN Hotmail an administrative subpoena concerning the account. In response, MSN Hotmail stated that the account was registered to "Nadia Gastelum" in Barcelona Spain and was an active account.

22. On December 12, 2005, your affiant applied for a search warrant for NADIAGASTELUM@HOTMAIL.COM, and Magistrate Judge Facciola issued one (Misc. No. 05-655-M-01).

23. On December 12, 2005, the search warrant was executed, providing a snapshot of the account information and e-mails present on the account on that particular day. This account and e-mail information was provided to your affiant. There were several e-mails were present on the account, and were provided to a translator, as they were in Spanish. While no e-mails were present on the account to or from

ESPARRAGOZA-MORENO at that time, there were several e-mails to and from an account with the address MOROCHITA87@HOTMAIL.COM and were addressed to "Brenda." Based on her review of the contents of the e-mail, the translator indicates that "Brenda" appears to be a sister.

     24. On May 2, 2006, the DEA issued an administrative subpoena to MSN Hotmail for information regarding MOROCHITA87@HOTMAIL.COM. MSN Hotmail responded, indicating that the account is registered to "Brenda E.G.," was opened in Mexico City, Mexico and is currently active. The DEA office in Mexico City reports that ESPARRAGOZA-MORENO has another daughter named BRENDA ESPARRAGOZA-GASTELUM.

     25. The DEA office in Madrid, Spain reports that ESPARRAGOZA-MORENO's family, including Brenda and Nadia, are currently in vacation in Europe, having traveled from Spain to Italy, and then back to Barcelona, where they are currently located. It is believed that ESPARRAGOZA-MORENO may travel from Mexico to Spain to visit his family in early May 2006. Further, because of his drug trafficking activities, ESPARRAGOZA-MORENO is unlikely to share his travel arrangements over the phone, which drug traffickers commonly know are monitored by authorities. Therefore, e-mail communication, which your affiant knows drug traffickers believe to be a safer way of communicating, is the most likely method of communicating with the family and sharing his travel plans. Having this travel information will aid in the location and arrest of ESPARRAGOZA-MORENO.

**H. Conclusion**

26. Based upon the information above, your affiant believes that probable cause exists that the computer systems owned, maintained, and/or operated by MSN Hotmail headquartered at 1605 La Avenida, Mountain View, California 94043, contain evidence, fruits, and instrumentalities of violations of Title 21 United States Code, Section 952 (Importation of a controlled substance), Section 959(a) (Manufacture or distribution for purpose of unlawful importation), Section 963 (Attempt and Conspiracy) .  By this affidavit and application, I request that the Court issue a search warrant directed to MSN Hotmail to allow agents to seize e-mail, attachments and other information (described in Attachment A, part II) stored on the MSN Hotmail servers for the computer account and files associated with NADIAGASTELUM@HOTMAIL.COM and to follow the search procedure described in Attachment A, part I.

**I. Request for Sealing**

27. Since this investigation is continuing, disclosure of the search warrant, this affidavit, and/or this application and the attachments thereto will jeopardize the progress of the investigation.  Accordingly, I request that the Court issue an order that the search warrant, this affidavit in support of application for search warrant, the application for search warrant, and the attachment thereto be filed under seal until further order of this Court, and

directing MSN Hotmail not to disclose to the subscriber(s) or any other person the existence of the same application, affidavit, search warrant and attachment, until directed to do so by the Court..

                                                _____
                                                Matthew K. Mahoney
                                                Special Agent
                                                Drug Enforcement Administration

Sworn to and subscribed before me this _____ day of May, 2006.

_____
Honorable Alan Kay
District Court Magistrate Judge